# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 23-2050V

DONNA FOGELSTROM,

                  Petitioner,

v.

SECRETARY OF HEALTH AND
HUMAN SERVICES,

                  Respondent.

Chief Special Master Corcoran

Filed: April 16, 2026

*Jered Medlock, Medlock & Gramlich LLP, Fort Smith, AR,* for Petitioner.

*Joseph Douglas Leavitt, U.S. Department of Justice, Washington, DC,* for Respondent.

## DECISION ON ATTORNEY'S FEES AND COSTS[1]

On November 30, 2023, Donna Fogelstrom filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that she suffered a Table shoulder injury related to vaccine administration as a result of her receipt of a pneumococcal conjugate vaccine. Petition, ECF No. 1. On December 10, 2025, I issued a decision awarding compensation to Petitioner based on the parties' stipulation. ECF No. 24.

---

[1]Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet**. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Petitioner has now filed a motion for attorney's fees and costs, requesting an award of $23,928.56 (representing $21,262.50 in fees plus $2,666.06 in costs). Application for Attorneys' Fees and Costs ("Motion") filed October 8, 2025, ECF No. 20. Furthermore, counsel represents that Petitioner incurred no personal out-of-pocket expenses. ECF No. 20.

Respondent reacted to the motion on October 20, 2025, stating that he is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case but deferring resolution of the amount to be awarded to my discretion. ECF No. 21 at 2-4. Petitioner filed no reply thereafter.

I have reviewed the billing records submitted with Petitioner's request and find a reduction in the amount of attorney fees and costs to be awarded appropriate, for the reason set forth below.

**ANALYSIS**

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. See *Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." Id. at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. See *Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Human Servs.*, 24 Cl. Ct. 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Wasson*, 24 Cl. Ct. at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours

2

that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434.

## ATTORNEY FEES AND COSTS

### A. Hourly Rates

Petitioner requests that I apply the hourly rate of $500.00 for work performed by her attorneys Michael Jered Medlock and Michael Keever in the 2023-25 timeframe. The requested rate requires further evaluation and adjustment.

Mr. Medlock represents that he has been practicing law for 20 years (ECF No. 20 at 10), placing him in the range of attorneys with 20-30 years of experience based on the OSM Attorneys' Fee Schedules.[3] Although Mr. Medlock's proposed rate falls within the appropriate Fee Schedule ranges given his level of experience, he seeks a rate on the higher end of these schedules – despite his lack of experience handling Program matters, with this appearing to be his first Vaccine Act case (and he was only admitted to the Court in 2023). Prior experience representing Petitioners in the Program is highly relevant to what hourly rate an attorney should receive. *See McCulloch v. Health and Human Services*, No. 09–293V, 2015 WL 5634323, at *17 (Fed. Cl. Spec. Mstr. Sept. 1, 2015) (stating the following factors are paramount in deciding a reasonable forum hourly rate: experience in the Vaccine Program, overall legal experience, the quality of work performed, and the reputation in the legal community and community at large).

Accordingly, based on my experience applying the factors relevant to determining reasonable hourly rates for Program attorneys, I hereby award Mr. Medlock the hourly rate of $450.00 for work performed in the 2023-25 timeframe. **This results in a reduction of $1,265.00.**[4]  Mr. Medlock will be eligible for higher rates in the future, as he demonstrates more experience representing Petitioners in the Vaccine Program.

Mr. Keever represents that he has been practicing law for 30 years (ECF No. 20 at 12). However, it appears that Mr. Keever is not licensed to practice before this Court

---

[3] The OSM Attorneys' Forum Hourly Rate Fee Schedules are available on the U.S. Court of Federal Claims website at https://www.uscfc.uscourts.gov/osm-attorneys-forum-hourly-rate-fee-schedules

[4] This amount consists of reducing Mr. Medlock's rate and is calculated as follows: ($500.00 – $450.00 = $50.00 x 25.30 hours billed by Mr. Medlock) = $1,265.00

at all. An attorney who is not admitted to practice before this Court is not eligible to collect fees at an admitted attorney's rate for his work. *See Underwood v. Sec'y of Health & Human Servs.,* No. 00-357V, 2013 WL 3157525, (Fed. Cl. Spec. Mstr. May 31, 2013).

Accordingly, all time billed by Mr. Keever in this matter must be compensated at non-attorney rates. I hereby apply the reduced hourly rate of **$212.00** for Mr. Keever's time. **This results in a reduction of $2,851.20.**[5] Mr. Keever will be eligible to request attorney rates in future cases, upon becoming admitted to this Court.

### B. Litigation Costs

Petitioner requests $2,666.06 in overall costs. Motion at 8. Counsel represents that such costs covered court fees, filing fees, and medical records and other necessary costs associated with litigating this matter. Motion at 8. I have reviewed the requested costs but find that Petitioner's counsel did not substantiate them with the required supporting documentation, such as an invoice or proof of payment. *See* ECF No. 20 at 2-12. Before reimbursement of costs is made, sufficient supporting documentation, such as invoices, receipts, and billing statements, must be provided. *See* Guidelines for Practice Under the National Vaccine Injury Compensation Program at 74-78 (emphasis added).[6]

When Petitioners fail to provide appropriate documentation to substantiate a requested cost, special masters have refrained from awarding the relevant sum. *See, e.g., Gardner-Cook v. Sec'y of Health & Hum. Servs.*, No. 99-480V, 2005 WL 6122520, at *4 (Fed. Cl. Spec. Mstr. June 30, 2005). Furthermore, Counsel is admonished that reasonable attorneys' fees and costs are limited to those "incurred in any proceeding on [a] petition." Section 15(e)(1); *see also Krause v. Sec'y of Health & Human. Servs.,* No. 01-93V, 2012 WL 4477431, at *6 (Fed. Cl. Spec. Mstr. June 20, 2012). In the Vaccine Program, any cost incurred by Counsel for obtaining admission to this Court and/or certificates of good standing are not reimbursable.

I will allow reimbursement for the Court's filing fee of $402.00, since the fact of that expense is clearly substantiated by the case's docket report, but I disallow reimbursement for all other unsubstantiated costs herein. **Application of the foregoing reduces the amount of litigation costs by $2,264.06.**

---

[5] This amount consists of ($500.00 - $212.00 = $288.00 x 9.90 hours billed by Mr. Keever) = $2,851.20.

[6] The guidelines for Practice Under the National Vaccine Injury Compensation Program: https://www.uscfc.uscourts.gov/guidelines-practice-under-national-vaccine-injury-compensation-program.

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT, in part, Petitioner's Motion for attorney's fees and costs. **Petitioner is awarded attorneys' fees and costs in the total amount of $17,548.30 (representing $17,146.30 in fees plus $402.00 in costs) to be paid through an ACH deposit to petitioner's counsel's IOLTA account for prompt disbursement.** In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this Decision.[7]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[7] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.